**Opinion issued August 20, 2019**



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-19-00468-CR
## NO. 01-19-00469-CR
## NO. 01-19-00470-CR

_____

**RONALD WAYNE SCHOFIELD, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 412th Judicial District Court**
**Brazoria County, Texas**
**Trial Court Case Nos. 85702-CR, 86224-CR, 86266-CR**

---

## MEMORANDUM OPINION

Appellant, Ronald Wayne Schofield, entered into plea agreements with the

State in Trial Court Cause Nos. 85702-CR, 86224-CR and 86266-CR, and was

convicted of possession of a controlled substance with intent to deliver, theft and

burglary of a building, respectively. Pursuant to the plea bargain agreements, the trial court assessed punishment for each of the offenses at five years' imprisonment with the sentences running concurrently. The trial court certified that these cases are plea-bargain cases and appellant has no right of appeal. Appellant, acting pro se, filed a notice of appeal. The State has filed a motion to dismiss these appeals for lack of jurisdiction, asserting that (1) the notice of appeal was untimely and (2) these are plea-bargain cases with no right of appeal. More than 10 days have passed since the filing of the motion and appellant has failed to file an adequate response. *See* TEX. R. APP. P. 10.3(a). We grant the State's motion and dismiss the appeals for want of jurisdiction.

In criminal cases, the appellant must file a notice of appeal "within 30 days after the day sentence is imposed." TEX. R. APP. P 26.2(a)(1). Because the judgments were entered on March 25, 2019 and appellant did not file a motion for new trial, the deadline for filing a notice of appeal was April 24, 2019. Appellant's notice of appeal was untimely filed on May 9, 2019. If an appeal is not timely perfected, then a court of appeals does not obtain jurisdiction to address the merits of the appeal and can take no action other than to dismiss the appeal. *See Slaton v. State,* 981 S.W.2d 208, 210 (Tex. Crim. App. 1998). Because appellant's notice of appeal was untimely, we lack jurisdiction over these appeals. *See* TEX. R. APP. P. 25.1.

Furthermore, in a plea bargain case, a defendant may only appeal those matters that were raised by written motion filed and ruled on before trial or after getting the trial court's permission to appeal. *See* TEX. R. APP. P. 25.2(a)(2). An appeal must be dismissed if a certification showing that the defendant has the right of appeal has not been made part of the record. *See* TEX. R. APP. P. 25.2(d). *Dears v. State*, 154 S.W.3d 610, 613 (Tex. Crim. App. 2005). Here, the trial court's certifications state that these are plea-bargain cases and that appellant has no right of appeal. *See* TEX. R. APP. P. 25.2(a)(2), (d); *Dears*, 154 S.W.3d at 615. The record supports the trial court's certifications. *See Dears*, 154 S.W.3d at 615. Because appellant has no right of appeal, we must dismiss these appeals. *See Chavez v. State*, 183 S.W.3d 675, 680 (Tex. Crim. App. 2006) ("A court of appeals, while having jurisdiction to ascertain whether an appellant who plea-bargained is permitted to appeal by Rule 25.2(a)(2), must dismiss a prohibited appeal without further action, regardless of the basis for the appeal.").

Accordingly, we grant the State's motion and dismiss these appeals for want of jurisdiction. *See* TEX. R. APP. P. 43.2(f). We dismiss any other pending motions as moot.

**PER CURIAM**

Panel consists of Justices Lloyd, Goodman, and Landau.

Do not publish. TEX. R. APP. P. 47.2(b).

3